Mr. Chief Justice Shahkey
delivered the opinion of the court.
This action was brought against the plaintiff in error, who was sheriff of Adams comity, for having taken a void forthcoming bond. On the trial an order or judgment of the circuit court quashing the bond was offered in evidence, and the question arising on the admissibility of the judgment, as evidence, is the only one in the case.
The rule is well established that no judgment is evidence of the matter adjudicated, unless it be between parties or privies. Starkie’s Evidence, 217.k The judgment, or rather memorandum, which was offered, stands thus.v
“James A. Denney v. Andrew Marschalk, administrator.
“ Motion to quash the forthcoming bond, by the defendant in this case, and the execution issued thereon. Motion sustained. Forthcoming bond, and execution issued thereon quashed, the bond being irregularly taken.”
It will be perceived, in the first place, that the motion is entered as James A. Denney v. Andrew Marschalk, administrator, and that Gridley was in no way concerned with it; and in the next place, the proceeding does not possess the dignity of a judgment; but if it should be considered as a judgment, there is nothing to connect it with the bond on which the suit is brought. But if it *821 be admitted that it has reference to the same bond, there is nothing in the order -which supports the allegation in the declaration. Gridley was sued for having taken a void bond, but the order only purports to quash the bond, because it was irregularly taken, not because it was void. What that irregularity was cannot now be known. The bond is in conformity with the law, and we cannot, therefore, presume that it was for any defect on its face. The memorandum, or judgment as it is called, is in truth no judgment, but a mere abstract from the rough minutes, and too uncertain to prove any thing.
The judgment must be reversed, and cause remanded, and venire de novo awarded.